IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN DONAHUE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | Case No. 21-cv-00448-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Before the Court are two motions: (1) defendant Union Pacific Railroad Company's ("Union Pacific") Motion, filed April 9, 2021, "for Partial Judgment on the Pleadings"; and (2) plaintiffs Justin Donahue ("Donahue"), Jason Campbell ("Campbell"), and Jacob Goss's ("Goss") Motion, filed May 11, 2021, "for Leave to File First Amended Complaint." The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for June 18, 2021, and rules as follows.

In the above-titled action, plaintiffs, who formerly worked for Union Pacific as conductors, allege they were "removed from service" under Union Pacific's "Fitness-for-Duty program" (see Compl. ¶¶ 1, 22-24, 34-35, 49-50, 62-63), on the "basis of their real or perceived disabilities," specifically, "their ability to see color" (see Compl. ¶ 5).[1] In that regard, according to plaintiffs, Union Pacific "subjects employees" who have "certain

---

[1] Donahue was removed from service in May 2017 (see Compl. ¶¶ 34-35), Campbell was removed from service in May 2018 (see Compl. ¶ 50), and Goss was removed from service in May 2016 (see Compl. ¶ 63).

1  health conditions" to "evaluations [that] do not assess whether an employee is capable of
2  safely or effectively performing their work." (See Compl. ¶ 1.)  Plaintiffs also allege that
3  Union Pacific, after removing them from service, failed to provide them with "reasonable
4  accommodations."  (See Compl. ¶¶ 42, 55, 65.)  Based on the above, plaintiffs assert
5  three causes of action, each alleging a violation of the Americans with Disabilities Act
6  ("ADA") and titled, respectively, "Disability Discrimination – Disparate Treatment" (Count
7  I), "Disability Discrimination – Disparate Impact" (Count II), and "Failure to
8  Accommodate" (Count III).

9  By the instant motion, Union Pacific seeks judgment on the pleadings as to Count
10 III only, and, in support thereof, states none of the plaintiffs exhausted his administrative
11 remedies within the applicable limitations period.  In response, plaintiffs do not contend
12 they exhausted within the statutory period.  Rather, plaintiffs contend, they are entitled to
13 equitable tolling during the pendency of the class claims in Harris v. Union Pacific
14 Railroad Company (hereinafter, "Harris"), an action in which they were putative class
15 members.  With respect to Count III, as set forth below, the Court is not persuaded.

16 The filing of a class action complaint tolls, until "denial of class certification," the
17 running of the statute of limitations for all claims alleged therein on behalf of the putative
18 class members.  See Crown, Cork & Steel Co. v. Parker, 462 U.S. 345, 350, 353 (1983).
19 Such tolling is deemed "fair" because the filing of the class action complaint gives
20 defendants "notice of the substantive claims being brought against them."  See Williams
21 v. Boeing Co., 517 F.3d 1120, 1136 (9th Cir. 2008) (internal quotation and citation
22 omitted).  The tolling rule is limited, however; it "does not leave a plaintiff free to raise
23 different or peripheral claims following denial of class status."  See id. (internal quotation,
24 alteration and citation omitted) (holding claim alleging "compensation discrimination" not
25 tolled by class action complaint asserting claims for "promotion discrimination, hostile
26 work environment, and retaliation").  In other words, tolling is "limited to claims filed in a
27 later action that are the same as those pleaded in the putative class action."  See Zarecor
28 v. Morgan Keegan & Co., 801 F.3d 882, 888 (8th Cir. 2015); see also, e.g., Tosti v. City

1  of Los Angeles, 754 F.2d 1485, 1489 (9th Cir. 1985) (holding plaintiff's "individual

2  discrimination" claim tolled during pendency of class action in which "same allegations" of

3  discrimination were made on behalf of putative class members).

4      In Harris, the named plaintiffs asserted, on behalf of the class, claims that Union

5  Pacific's "Fitness-for-Duty program" violated the ADA, both under a "disparate treatment"

6  theory (see Defs.' Req. for Judicial Notice Ex. A ¶¶ 136-44 (Count I))[2] and a "disparate

7  impact" theory (see id. Ex. A ¶¶ 144-53 (Count II)), based on allegations that Union

8  Pacific "subjected . . . employees" who had "specified health conditions" to "evaluations

9  [that] do not in fact assess whether an employee is fit for duty" (see id. Ex. A ¶ 1). Those

10 class claims essentially correspond to Counts I and II as alleged in the instant action,

11 and, indeed, Union Pacific does not argue plaintiffs are not entitled to equitable tolling as

12 to Counts I and II.

13     As Union Pacific points out, however, a failure to accommodate claim was not

14 asserted in Harris on behalf of the putative class members, and, although a subsequent

15 individual action need not be "identical in every respect to the class suit for the statute to

16 be tolled" (see Pls.' Opp. at 2:10-12 (citing Tosti, 754 F.2d at 1489)), the class and

17 subsequent individual claims must share the "same" factual basis, see Tosti, 754 F.2d at

18 1489.

19     Here, plaintiffs argue, there is a "substantial factual and legal overlap" between the

20 class claims challenging the Fitness-for-Duty program and their individual claim alleging a

21 failure to accommodate. (See Pls.' Opp. at 7:24-25.) The elements of disparate

22 treatment/disparate impact claims and the elements of a failure to accommodate claim,

23 however, are significantly different, and, consistent therewith, the core facts on which the

24 Harris class claims and the instant failure to accommodate claim are based differ

---

[2] Union Pacific's unopposed request for judicial notice of the operative complaint in Harris is hereby GRANTED. See Rosales–Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) (holding courts "may take judicial notice of judicial proceedings in other courts").

significantly as well.  In particular, in addition to differences in the applicable law, compare, e.g., Manual of Model Jury Instructions for the District Courts of the Ninth Circuit, Instruction 12.1A, Instruction 12.1C, and Instruction 11.4[3] with Instruction 12.7, plaintiffs' failure to accommodate claim is based on events allegedly arising after plaintiffs' removal from service (see Compl. ¶¶ 39-41, 54; see also proposed First Amended Compl. ¶¶ 39-43, 56, 66, 68), i.e., after the events giving rise to the claims alleged on behalf of the class in Harris.[4]

        Under such circumstances, the Court finds the Harris action did not give Union Pacific "fair notice" of plaintiffs' failure to accommodate claim, see Williams, 517 F.3d at 1131, and, consequently, such claim is time-barred.  See Krehbiel v. Union Pacific Railroad Co., 2019 WL 3387049, at *4 (D. Kan. July 26, 2019) (holding failure to accommodate claim not tolled by pendency of Harris class action; noting named plaintiffs in Harris did "not assert a failure to accommodate claim" on behalf of class); see also, e.g., Aguilar v. Ocwen Loan Servicing, LLC, 2018 WL 949225, at *6 (N.D. Tex. February 20, 2018) (finding plaintiffs not entitled to tolling where claims alleged in subsequent lawsuit "require[d] the plaintiffs to prove . . . wrongful conduct different from what [class claim] require[d]").

        Lastly, in light of such finding, plaintiffs' motion for leave to amend, by which plaintiffs seek such relief for the sole purpose of adding factual allegations pertaining to their failure to accommodate claim, will be denied as futile.  See Platt Electrical Supply, Inc. v. Eoff Electrical Inc., 522 F.3d 1049, 1060 (9th Cir. 2008) (holding leave to amend properly denied as futile where proposed amended complaint would be "barred by the

---

[3] Although the Ninth Circuit does not have a model instruction for a disparate impact claim specific to the ADA, the above-cited instruction can readily be modified for use with an ADA discrimination claim.

[4] In apparent recognition of the differences between the class claims and a failure to accommodate claim, the named plaintiffs in Harris asserted a failure to accommodate claim under the ADA only on their own behalf (see Def.'s Req. for Judicial Notice Ex. A ¶¶ 159-63), and based only on facts specific to each of those individuals (see id. Ex. A ¶¶ 30-32, 47-48, 66-68, 77-78, 93-96, 111-13).

statute of limitations").

## CONCLUSION

For the reasons stated above:

1. Union Pacific's motion for partial judgment on the pleadings is GRANTED, and Count III is hereby DISMISSED.

2. Plaintiffs' motion for leave to amend is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 16, 2021

MAXINE M. CHESNEY
United States District Judge